

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Temple Shell
County Attorney
Wichita County
Wichita Falls, Texas

Dear Sir:

Attention: Woodard Hase

Opinion No. O-4634
Re: Residential requirements of
candidate seeking office of
county commissioner, and re-
lated question.

We are in receipt of your recent letter requesting
the opinion of this department regarding the eligibility of
a candidate for county commissioner. We quote from your let-
ter as follows:

"Under Art. 2927 and the facts submitted
is a candidate for County Commissioner ineligi-
ble?

"He resided in Wichita County for a number
of years prior to 1940. He then moved to another
county, taking his family with him and buying a
residence there. In February, 1942, he returned
to Wichita County where he has lived since,- his
family remaining in the other County. He has
claimed as his homestead property in Wichita
County during the time that he was out of this
county and has paid poll taxes in this, Wichita
County.

"Question No. 2.

"Is the payment of a poll tax by the candi-
date for such an office a pre-requisit for his
securing his name on the ticket?"

Article 2927, R. C. S., 1925, referred to in your
letter, reads as follows:

"No person shall be eligible to any State,
county, precinct or municipal office in this
State unless he shall be eligible to hold office
under the Constitution of this State, and unless
he shall have resided in this State for the per-
iod of twelve months and six months in the county,
precinct, or municipality, in which he offers
himself as a candidate, next preceding any gen-
eral or special election, and shall have been
an actual bona fide citizen of said county, pre-
cinct, or municipality for more than six months.
No person ineligible to hold office shall ever
have his name placed upon the ballot at any gen-
eral or special election, or at any primary
election where candidates are selected under
primary election laws of this State; and no such
ineligible candidate shall ever be voted upon,
nor have votes counted for him, at any such gen-
eral, special, or primary election."

Relative to your first question this department cannot
be concerned with passing upon matters involving questions
of fact. The question of one's residence in this State is
distinctly one of intention and of fact.

It has been uniformly held by the courts of this
State that residence is determined largely as a question of
intention which may be made to appear by all the facts and
circumstances of the case.

In Texas Jurisprudence, Volume 16, page 48, it is
said:

"Indeed it has been said that the intention
of the individual often had a strong, if not a
paramount, influence in determining residence."

None of the facts set forth in your letter would
within themselves be controlling. They might, however, be
considered in determining the individual intent in the matter.
The fact that the wife of the candidate might live outside of
the county where he is seeking election would not, within it-
self, control the question. In the recent case of Harwell v.
Morris, 143 S. W. (2d) 809, it was said in this regard:

"It has never been the law in Texas that
the residence of the husband is drawn to that of

the wife where they happen, for a time to be at a different places. Republic of Texas v. Skidmore, 2 Tex. 261; Flowers v. State, 109 Tex. Cr. R. 241, 3 S. W. 2d 1111; Richmond v. Sangster, Tex. Civ. App., 217 S. W. 723. The rule was not changed by the provisions of Art. 2958, R. C. S., 1925, which provides that the residence of a married man is where his wife resides. That act was passed in 1905, long before suffrage was extended to women in Texas and had reference only to the residence of the husband, who, at that time, was the only member of the community who was entitled to vote, and it was designed only to provide a criterion by which the husband's residence could be definitely established in case of doubt as to his — not the wife's — residence. It was never intended by the law makers to change the long established rule that the residence of the family is established by the will or conduct of the husband. If the law were otherwise, we would have the anomalous possibility of the wife's legal residence being at one place and that of the husband, from whom she is not separated, being at an entirely different place, even in a different county.
. . . ."

We hope that these authorities may be of some assistance in determining the candidate's qualifications in regard to residence as required of in the first paragraph of your letter.

In answer to your question No. 2 it is the opinion of this department that there is no requirement either in the Constitution or the statutes that a person must have paid a poll tax in order to be eligible as a candidate for the office of county commissioner.

Yours very truly

APPROVED JUN 23, 1942

*Grover Sellers*

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

*E. B. P Lewis*

By

E. G. Pharr
Assistant

EGP:CO

APPROVED
OPINION
COMMITTEE
BY *Bwb*
CHAIRMAN